WHITMIRE v. WRIGHT.

1. A widow is not entitled to dower in lands held by her husband under lease. Thus where a husband during coverture held land under a lease for 999 years, the widow has no dower therein.
2. In action for dower, the defendant, by having accepted a title in fee from the demandant's husband, is not estopped or precluded from showing that his grantor, the husband, had only a leasehold estate of which the widow was not dowable.
3. Where a party accepts in 1853 a lease for 999 years, and thereafter, in 1863, conveys the land in fee simple, no presumption arises that he had meantime acquired the fee simple title.

Before ALDRICH, J., Newberry, June, 1884.

The opinion states the case. The Circuit decree was as follows:

I agree with the judge of probate in his conclusion as to the

property being partnership assets. As the probate judge says, the lot was sold long before the dissolution of the partnership. The deed to Smith is dated February, 1863, but the sale was made and possession given more than five years before. This was a withdrawal of the land from the partnership assets. Further, there is no proof that the firm was insolvent then, for they continued to do business for a long period after. It is not to be presumed that creditors would stand idly by and see an insolvent firm dispose of partnership property and make no effort to secure the same for the satisfaction of their claims.

This brings us to the main, and, in my opinion, the only, question in the case. When the decree of the judge of probate was read, I was so impressed with the fact that the deceased husband had only a leasehold estate, and therefore his widow was not dowable, that I came near declining to hear the able argument of Mr. Jones. But the very strong array of authority and searching application of the same to the case presented by Mr. Cromer, on the part of the demandant, forced me to take the papers, and the more I have considered the question, the more satisfied I am that my first impression was error.

There can be no doubt that dower does not attach to lands of the husband *held under lease;* and if Mrs. Whitmire, the demandant, was claiming her dower in the leasehold estate of her deceased husband, Henry Whitmire, she could not get it, provided there was any one to dispute her claim. But, as Chancellor Johnstone is reported to have said, "Who would be here at the end of 999 years to dispute his title?" But this is not the case presented. She is not demanding her dower against the reversioners of the leasehold estate, but against the tenant in fee, who holds the estate by virtue of his fee simple title derived from her husband. Will he be allowed to say to Mrs. Whitmire, You have no dower in the land, because your husband was not a tenant in fee, but for years; and to the rest of the world, I hold a fee simple in the land, derived from the husband of demandant? He will not be permitted to blow hot and cold in the same breath. If he holds in fee through Henry Whitmire, Whitmire's widow is entitled to dower. If he does not derive his fee from Henry

Whitmire, then he has no title, and cannot dispute the demand for dower of the widow.

I do not agree with the learned counsel that, since the adoption of the constitution of 1868, dower is a less favored estate than formerly. The dower is for the widow, the homestead is for the family, and the law guards the one as jealously as it does the other.

The question here is, not what estate did Henry Whitmire have, but what estate did he convey? What estate does Robert Wright, the defendant, claim through Whitmire—a lease for years or an estate in fee? If the latter, he is estopped from denying the demandant's claim for dower. Chancellor Kent (4 *Com.*, 38) says: "When the husband had been in possession *for years*, using the land as his own, and conveying it *in fee*, the tenant deriving title under him is concluded from controverting the seizin in the action of dower." And Mr. Scribner, in his treatise on dower (2 vol., 217, ch. X.), holds the same doctrine : "According to the principles of the common law, if a tenant at will, or *for years*, makes a feoffment *in fee*, his widow will be entitled to dower as against the feoffee and his heirs ; for the feoffee, by accepting the conveyance, *admits* that the husband was seized in fee and entitled to pass it ; and the feoffee and such claimants are estopped from showing that the husband had a less estate."

It is controverted if this doctrine is applicable where a tenant for *life* makes a feoffment in fee. Mr. Preston maintains there is no dower in such case, and in this he is supported by the textbooks. On the other hand, it is laid down in Fitzherbert that the wife of a tenant for life who makes a feoffment in fee shall have dower as against the feoffee, and Mr. Park and Mr. Roper concur in this statement of the law. And our cases of *Gayle* v. *Price*, 5 *Rich.*, 525, and *Pledger* v. *Ellerbe*, 4 *Rich.*, 266, sustain this view.

Let the appeal be dismissed with costs and the demandant have her writ, as directed by the judge of probate.

The defendant's exceptions, omitting those relating to the partnership, were as follows:

4. Because his honor erred in holding that the demandant's

dower depended upon the estate which her husband *conveyed*, and not upon the estate he held.

5. Because his honor erred in not holding that T. & H. Whitmire only had a leasehold estate, and could convey no greater estate than they had, and that the deed in fee simple from T. & H. Whitmire to G. D. Smith, and through him and others down to the defendant, R. H. Wright, cannot transmit any other estate than the leasehold estate.

6. Because his honor erred in deciding that the defendant was estopped from denying that the husband of the demandant was seized of any greater estate than a leasehold estate, by accepting a deed poll in fee simple.

*Messrs. Jones & Jones*, for appellant.

*Messrs. Johnstone & Cromer*, contra, on the question of estoppel, cited 4 *Kent.*, 38; 2 *Scrib. Dow.*, 231, 248, 249; 3 *Bac. Abr.*, 209; 5 *Rich.*, 526; *Big. Estop.*, 282, 283, 294; 2 *Hill*, 440; 32 *E. C. L. R.*, 42; 6 *Rich.*, 270; 5 *S. C.*, 215; *Park. Dow.*, 297. There is a presumption that demandant's husband had acquired a title in fee. 14 *S. C.*, 93.

April 6, 1885. The opinion of the court was delivered by

MR. JUSTICE MCIVER. By this proceeding, originally commenced in the Court of Probate, and carried thence by appeal to the Circuit Court, the petitioner demands her dower, as the widow of Henry Whitmire, deceased, in a certain lot in the town of Newberry. Her claim is resisted by the appellant upon two grounds: 1st. That the said Henry Whitmire never had such an estate in the premises as would entitle his widow to dower, he having merely a leasehold estate therein. 2nd. That the premises in question were partnership property, bought with partnership funds for partnership purposes, by the late firm of T. & H. Whitmire, and that the interest of said Henry Whitmire therein was not subject to dower, until all the debts due by said partnership have been paid, which has not yet been done.

The facts, as ascertained by the decree of the judge of probate, are as follows: On December 3, 1849, one John W. Summer conveyed, by way of lease for the term of 999 years from March

29

14, 1797, the said lot to a partnership of which said Henry Whitmire was a member, and on February 17, 1853, the other members of said partnership conveyed, in the same way, their interest in the lot to Henry Whitmire and Thomas Whitmire. On February 5, 1863, Thomas Whitmire and Henry Whitmire conveyed the said lot, in fee simple, with full warranty to Geo. D. Smith, and on February 10, 1864, Geo. D. Smith conveyed the same in fee simple, with full warranty, to Bates, Cox & Hammett. On August 4, 1866, Bates, Cox & Hammett, by a like conveyance, upon which the wives of all three of the grantors renounced their dower, conveyed the lot to Robert H. Wright and Emanuel S. Coppock, with full warranty, "except the unrenounced claim of dower of the wife of Henry Whitmire." On January 24, 1882, Coppock conveyed his interest to Robert H. Wright, the defendant, with full warranty. Henry Whitmire died in July, 1882, and this proceeding was commenced on December 2, 1882.

The judge of probate overruled both of the objections urged by the defendant, and sustained the claim of dower, and upon appeal to the Circuit Court his decree was affirmed. The defendant now appeals to this court upon the several grounds set out in the record, but from the view which we take it will not be necessary to state them specifically.

It is conceded that the right of dower does not attach to a leasehold estate, and, therefore, if Henry Whitmire had died before conveying the premises in question, there can be no doubt that his widow would not have been entitled to dower therein, inasmuch as the conveyance under which he held did not purport to convey anything more than a leasehold estate. It is contended, however, by the petitioner, and such was the view taken below, that inasmuch as the deed from Thomas Whitmire and Henry Whitmire to Geo. D. Smith purported to convey the fee simple, and inasmuch as the other intermediate links in the defendant's title purported to convey the fee simple estate, the defendant is estopped from disputing the fact that Henry Whitmire held the fee simple. To simplify the question we will consider it as if Henry Whitmire, holding as he unquestionably did under the deed from his grantors only a leasehold estate in the premises, had conveyed the same in fee simple to the defendant.

The inquiry, then, is whether the defendant, by accepting a conveyance of the fee, is estopped from showing that his grantor held only a leasehold estate of which his widow would not be dowable.

As will be seen by an examination of chapter X. of 2 *Scribner on Dower*, 231–252, there is no little conflict of authority upon this question; but in this state we do not find that the point has ever been distinctly adjudicated. *Gayle* v. *Price* (5 *Rich.*, 525) was a case in which the defendant, holding under a deed from the husband, attempted to show in defence to a claim for dower, that the husband never had the legal title, having bought the premises at sheriff's sale, but never having received a deed from the sheriff. This defence was not allowed, the court saying: "He who enters under the title of another is, in general, estopped from denying it. To this general rule there are exceptions, such as where the title of the grantor, or lessor, is determined, as in cases of life estates or leases; or where the allegation does not contest the legal estate, as in the case of a trustee conveying, and his widow claiming dower. There it may be shown that his legal estate was not such an one as of which a widow was dowable. Or where one enters under a title supposed to be good, but subsequently finds it to be bad, and *bona fide* acquires the paramount title; there he is permitted to show this, as an answer to the *prima facie* case made against him by his entry; or where a tenant in possession disclaims the title of his landlord, or buys it by a mere parol contract, and holds in his own right for the statutory period, he may show these facts as an answer to his landlord's claim." From this quotation it will be observed that one of the recognized exceptions to the general rule is that where the defendant enters under a title of a trustee, he may, in bar of an action for dower by the widow of such trustee, be permitted, not to dispute the legal title or right of possession of his grantor, but to show that the nature of his title was such as would not support a claim of dower. This doctrine also seems to be conceded in the case of *Plantt* v. *Payne*, 2 *Bail.*, 319. Indeed, we do not understand that it is anywhere denied.

Now, if a defendant in dower who holds under a title from the husband, under which he has gone into possession, while not permitted to dispute the fact that his grantor had a legal title, and

the right of possession, is permitted to show that the title of the husband is not of such a character as would support a claim of dower, to wit, that though having an absolute legal title and right of possession, yet that he held such title as trustee, to which the right of dower would not attach, we do not see why, upon the same principle, the defendant in this case may not be permitted to show that though Henry Whitmire had a legal title and right of possession, yet that such title did not confer upon him an estate to which the right of dower would attach. In *Gaunt* v. *Wainman*, 3 *Bing. N. C.*, 69 (32 *E. C. L. Rep.*, 42), it was held that a defendant in dower who had taken a title from the assignees of the husband, in which the premises conveyed were described as *freehold*, was not estopped by that deed from showing in defence to an action for dower that the premises were *leasehold*. And this case seems to be recognized in *Gayle* v. *Price, supra*.

As was said by Tindal, C. J., in *Gaunt* v. *Wainman*, "suppose he had bought the premises as leasehold, would the demandant be estopped to say that they were freehold?" It is quite clear that she would not, for no act or declaration of the husband, after the inchoate right of dower has once attached, can be allowed the effect of depriving the wife of the right of dower. *Tibbets* v. *Langley Manufacturing Co.*, 12 *S. C.*, 465. This is upon the ground of the want of privity between the husband and wife. She is not a party or privy to any deed he may make, and therefore is not bound or estopped by anything therein contained; and as estoppels must be mutual, it would seem to follow that if she is not estopped from claiming dower in lands held by her husband in fee simple, by reason of a deed from him in which such lands are conveyed as a mere leasehold estate, it would seem that the rule ought to work both ways, and her husband's grantee, to whom lands have been conveyed as freehold, should not be estopped from showing that in fact they were merely leasehold.

Indeed, it seems to us, as has been shown by Marshall, C. J., in *Blight's Lessee* v. *Rochester* (7 *Wheat.*, 535), that it is a mistake to rest the rule, that one who enters under the title of another, conveyed by a deed poll, and not by an indenture, cannot dispute the title under which he enters, upon the doctrine of estoppel, but that the true ground upon which it rests is that it is

against "the moral policy of the law." A deed poll is the act of the party making it alone, and concludes him only, while an indenture is the act of both parties, and both are concluded by it. Hence where, as in this case, one accepts a deed poll, and goes into possession under it, he is not estopped by the terms of the deed from disputing the title under which he enters, but having gained the great advantage of possession by accepting the deed and entering under it, it would be against "the moral policy of the law," while retaining such advantage to dispute the title under which he acquired so great an advantage. Hence if one acquires possession under a lease, he cannot dispute the title of his lessor until he surrenders the possession ( *Wilson ads. Weathersby*, 1 *Nott & McC.*, 373), or perhaps until he disclaims holding under his lessor's title, and retains the adverse possession for a period long enough after such disclaimer to give him a title under the statute of limitations. *Willison* v. *Watkins*, 3 *Peters*, 43. Accordingly in the case of *Giles* v. *Pratt*, 2 *Hill*, 439, it was held that one already in possession and accepting a title from another is not thereby precluded from disputing the title of such other.

This being the true ground of the rule by which one who enters under the title of another is precluded from disputing such title, we do not see how it can properly be applied in a case where the widow of the grantor is claiming from his grantee dower in the premises conveyed. His possession acquired by such a title gives him no advantage in such a contest, and there is no room for the operation of the rule. The case of *Horde* v. *Landrum* (5 *S. C.*, 213), relied on by respondent, simply decides that where land has been sold under a judgment at law upon a bond given for the purchase money, but not under the mortgage given to secure the payment of such purchase money, the widow may claim dower from the purchaser at such sale. This was upon the plain principle that the deed of the sheriff to the purchaser was in law the deed of the husband, and of course if Horde, the husband, had sold directly to Landrum, there could not be a doubt that the wife's right of dower would attach. We do not think, therefore, that this case is applicable to the point under consideration. Nor do we think that the case of

*Pledger* v. *Ellerbe* (6 *Rich.*, 266), as it is construed in the more recent case of *Tibbets* v. *Langley Manufacturing Co.*, *supra*, affords any support to the position contended for by respondent.

The position taken by respondent's counsel in his argument, that the facts of the case raise the presumption that Henry Whitmire had acquired the fee which he assumed to convey, cannot be sustained. The record shows that until February 5, 1863, all parties confessedly held the premises as leasehold, and after that date Henry Whitmire certainly could not claim by possession, for he then conveyed to another; and even assuming that he did, as it is claimed he had done some time in 1858, attempt, by an informal deed, to convey in fee simple to George D. Smith, and then put him into possession, that would not help the matter.

We think, therefore, that there was error on the part of the Circuit judge in holding that the defendant, by accepting a deed for the premises in question, purporting to convey the fee simple title, was estopped, or in any way precluded from showing that the husband of the petitioner never had such an estate in the lot as would support her claim for dower.

Under this view of the case the other question as to the effect of the partnership character of the property cannot arise, and need not, therefore, be considered.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to the Court of Probate for such further proceedings as may be necessary to carry out the views herein announced.